IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CHARLES BARNES, JR.**                                                                              **PLAINTIFF**

**V.**                            **NO. 2:20CV00149 KGB-PSH**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.   Introduction:**

Plaintiff, Charles Barnes Jr., applied for disability benefits, alleging disability beginning on April 4, 2017. (Tr. at 10). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Barnes's application. (Tr. at 19). The Appeals Council declined to review the ALJ's decision. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision

of the Commissioner, and Barnes has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Mr. Barnes, who was 51 years old at the time of the hearing (Tr. at 14), had not engaged in substantial gainful activity since the alleged onset date of April 4, 2017.[1] (Tr. at 12). At Step Two, the ALJ found that Mr. Barnes had the following severe impairments: degenerative disc disease, diabetes mellitus, obesity, depressive disorder, anxiety disorder, and post-traumatic stress disorder. *Id*.

After finding that Mr. Barnes's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Mr. Barnes had the residual functional capacity ("RFC") to perform work at the light exertional level, with exceptions: (1) he can no more than occasionally climb, stoop, kneel, crouch, and crawl; (2) he can maintain concentration and attention for up to two hours at a time, and he can understand, follow, and remember concrete instructions; and (3) he can have superficial contact with supervisors, coworkers, and the public. (Tr. at 14).

The ALJ next found that Mr. Barnes was unable to perform any of his past

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

relevant work. (Tr. at 17). The ALJ relied on the testimony of a Vocational Expert (VE) to find that, considering Mr. Barnes's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 18). Therefore, the ALJ found that Mr. Barnes was not disabled. (Tr. at 19).

### III. <u>Discussion</u>:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of

3

administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Mr. Barnes's Arguments on Appeal

Mr. Barnes contends that the evidence supporting the ALJ's decision is less than substantial. He argues that the RFC did not fully incorporate his limitations, the ALJ did not consider all impairments in combination or properly analyze Mr. Barnes's subjective complaints, and the record was undeveloped. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Barnes complained of back, neck and knee pain. However, objective imaging showed only mild-to-moderate conditions. For example, an MRI of the lumbar spine showed mild degenerative changes. (Tr. at 15, 398). A lumbar spine x-ray showed mild anterior osteophytosis. (Tr. at 422). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). X-rays of the thoracic spine showed diffuse idiopathic skeletal hyperostosis, but no other acute abnormalities. (Tr. at 329, 340-341). Mr. Barnes admitted that he never had surgery on his back, and that he treated his pain conservatively with medication and steroid injections. (Tr. at 93-94). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Mr. Barnes said the injections were somewhat beneficial. (Tr. at 777). He also said physical therapy helped some. *Id*. Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Mr. Barnes admitted that he saw a neurosurgeon in 2011 but never returned. *Id*. Mr. Barnes wore a knee brace and had orthotic shoes. (Tr. at 107). His doctors urged him to exercise and follow a healthy diet. (Tr. at 685, 849).

Mr. Barnes did have mental health diagnoses, which the ALJ recognized. Mr. Barnes did not require inpatient hospitalization. He treated with medication, which

he said was effective. (Tr. at 711). He also attended group therapy, at which he was attentive and participated well. (Tr. at 828-829). His mental status examinations were generally normal, with good focus and normal thought process. (Tr. at 431, 502, 555, 576, 828-833).

Mr. Barnes alleges that the RFC for light work with postural limitations outstripped his abilities, and that the ALJ did not consider all of his impairments in combination. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

First, the ALJ considered benign objective findings and conservative treatment. (Tr. at 14-17). He also evaluated the Disability Determination Services medical experts' opinions that Barnes could perform light work and imposed further restrictions, indicating that he gave credit to Barnes's complaints when he formulated the RFC. (Tr. at 16). He discussed all of Barnes's impairments and ruled several to be severe, but he also discussed the non-severe impairments, as well as

Barnes's obesity.[2] (Tr. at 12-15). He thoroughly questioned Barnes at the hearing. There is every indication that the ALJ considered the record as a whole, including all of Mr. Barnes's conditions, when he arrived at the RFC.

The ALJ also gave good reasons for finding Mr. Barnes's subjective complaints were outsized.[3] He discussed relevant factors including the nature of Mr. Barnes's pain and the objective findings. (Tr. at 12-17). He asked Mr. Barnes about side effects, and his work history. (Tr. at 14, 105). He noted that Mr. Barnes received unemployment during part of the relevant time-period, indicating that he was actively trying to find a job. (Tr. at 90-91). He noted conservative treatment for pain. The ALJ properly considered Mr. Barnes's subjective complaints.

Finally, Mr. Barnes argues that the ALJ failed to fully develop the record. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a

---

[2] A diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

[3] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *Id.*; *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). Mr. Barnes's attorney did not indicate any objections to the record at the hearing. There was no crucial conflict in the evidence before the ALJ. The records showed mild conditions responsive to treatment. The ALJ made his decision based on a fully developed record.

### VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Barnes was not disabled. The RFC incorporated Mr. Barnes's credible limitations, the ALJ properly analyzed Mr. Barnes's subjective complaints, and the record was fully developed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 5th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE